UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHEL CURTIS, Individually and on Behalf of Persons Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: CIV-17-1076-C |
| | ) | *(formerly Oklahoma County District* |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) | *Court, Case No.* CJ-2017-5046) |
| Defendant. | ) ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Progressive Northern Insurance Company ("Progressive Northern") removes this purported class action from the District Court of Oklahoma County to the United States District Court for the Western District of Oklahoma. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of the following facts, which show that this case may properly be removed to this Court.

1.     Plaintiff Rachel Curtis ("Plaintiff") filed this case on September 7, 2017, in the District Court of Oklahoma County of the State of Oklahoma, Case No. CJ-2017-5046. Progressive Northern was served with the Petition on September 12, 2017.

2.     On September 16, 2017, Plaintiff filed the operative Amended Petition in the District Court of Oklahoma County. Progressive Northern was served with Plaintiff's Amended Petition on September 19, 2017.

3.      Plaintiff asserts claims against Progressive Northern, on behalf of a purported

class, based on alleged violations of the standards in Oklahoma's Insurance Code for

evaluating and paying automobile total loss claims.  Am. Pet.  5, 8.

4.      Specifically, Plaintiff alleges that Progressive Northern, using WorkCenter

Total Loss ("WCTL"), "consistently undervalues the total loss amount due" to Progressive

Northern's policyholders by "failing to use 'comparable vehicles' as required by the

Oklahoma Insurance Code." *Id.*  9.  Plaintiff also alleges that Progressive Northern "violates

its contracts and Oklahoma law by determining the value of comparable vehicles by using

. . . a 'Projected Sales Price.'" *Id.*  10.

5.      Based on these alleged practices, Plaintiff asserts claims for (Count I) breach

of contract; (Count II) fraud/constructive fraud/deceit; (Count III) breach of the duty of good

faith and fair dealing, and (Count IV) unjust enrichment.

6.      Plaintiff alleges that she "brings this action pursuant to 12 O.S. § 2023,

individually and on behalf of all others similarly situated."  Am. Pet.  63.  She seeks to

represent a purported class of  "[a]ll entities and adult persons domiciled or residing in the

State of Oklahoma who purchased an automobile policy from [Progressive Northern]

containing collision and/or comprehensive coverage." *Id.*  63.

7.      The Amended Petition seeks damages on behalf of the purported class in the

form of "contractual benefits for all coverage promised to Plaintiff under policy of

insurance," and "[a]ctual, consequential, and punitive damages . . . which will exceed

$10,000.00."  Am. Pet. at p. 15.  The Amended Petition also seeks "[d]isgorgement of the

increased financial benefits derived by [Progressive Northern] as a result of its wrongful conduct." *Id.*  And Plaintiff seeks "reasonable attorney's fees," on behalf of herself and the purported class. *Id.*

8.     Based on the allegations of the Amended Petition, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive Northern has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I.     PROGRESSIVE NORTHERN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9.     Progressive Northern was served with the original Petition on September 12, 2017, and the Amended Petition on September 19, 2017.  *See* **EXHIBIT 1**.  The time for Progressive Northern to answer, move, or otherwise plead with respect to the Amended Petition has not yet expired.

10.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1441(b), as it is filed within 30 days after Progressive Northern was served with "the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipestring, Inc.*, 56 U.S. 344, 347-48 (1999) (holding that the time to remove begins to run at service).

11.     As of the date of this removal, no additional pleadings and papers have been filed, and no proceedings have occurred in the District Court of Oklahoma County since Progressive Northern was served with the Amended Petition.  *See* **EXHIBIT 2** (docket). Progressive Northern has not filed a responsive pleading.  Progressive Northern hereby

reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted.   Progressive Northern further reserves the right to amend or supplement this Notice of Removal.

12.     Progressive Northern is removing this case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441(a), because the original action was filed in the District Court of Oklahoma County.  This Court, therefore, is the "district and division embracing the place where [the] action is pending."  *See* 28 U.S.C. § 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, "a copy of all process, pleadings, and orders served" on Progressive Northern and a copy of the state court docket sheet are attached as **EXHIBITS 1** and **2 - 2.7**.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the District Court of Oklahoma County.

**II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).**

14.     The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

15.     As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Northern is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in the

Amended Petition, the putative class members' claims put in controversy over $5 million,

exclusive of interest and costs.  Accordingly, this Court has subject matter jurisdiction over

this action under 28 U.S.C. 1332(d), and the action may be removed to this Court pursuant

to 28 U.S.C. § 1332(d)(2).

***A.    The Proposed Class Consists of More Than 100 Members.***

16.    Plaintiff filed this case on behalf of a putative class of "[a]ll entities and adult

persons domiciled or residing in the State of Oklahoma who purchased an automobile policy

from [Progressive Northern] containing collision and/or comprehensive coverage." Am. Pet.

63.

17.    Plaintiff alleges that the proposed class "is comprised of thousands of insureds

whose claims for coverage were under-adjusted in that [Progressive Northern] failed to

properly pay their total loss claims." *Id.*  64.

18.    Accordingly, based on Plaintiff's allegations alone, this case meets the

requirement under CAFA that the purported class consist of more than 100 members.

19.    Progressive Northern's investigation of reasonably available data confirms this

result.  Based on Progressive Northern's investigation, it has adjusted approximately 10,061

total loss claims under Oklahoma automobile insurance policies containing collision and/or

comprehensive coverage using WCTL. *See* Declaration of Michael D. Silver ("Silver Decl.")

2, Attached as **EXHIBIT 3**.

20.    Accordingly, the aggregate number of alleged class members is greater than

100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

***B.     Minimal Diversity Exists.***

21.     Under CAFA, only minimal diversity is required to confer original federal jurisdiction.   *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]").  This element is satisfied.

22.     Plaintiff alleges that Progressive Northern is, and was at the time it received the Petition, a corporation duly organized and validly existing under the laws of the State of Wisconsin, with its principal place of business in Wisconsin.  Am. Pet.  2.

23.     Plaintiff alleges that she is a resident of the state of Oklahoma.  *Id.*  1.

24.     Therefore, the purported class will contain at least one plaintiff who "is a citizen of a State different from" Progressive Northern.  28 U.S.C. § 1332(d)(2)(A).

25.     Because at least one member of the putative class is diverse from Progressive Northern, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

***C.     The Amount-in-Controversy Exceeds $5 Million.***

26.     Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs."  *See* 28 U.S.C. § 1332(d)(2).

27.     It is facially apparent from the Amended Petition that the amount in controversy is satisfied.  *See* Am. Compl.  9; *see also Id.*  20, 21; *Id.* at p. 15 ("Combined Prayer For Relief"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions").

28.     This action arises out of Progressive Northern's alleged use of WCTL to "undervalue[] the total loss amount due to policy holders" in Oklahoma.  Am. Pet.  9. Plaintiff alleges that the "undervaluation" of total loss claims causes "millions of dollars in underpaid claims."  *Id.*

29.     Plaintiff seeks, on behalf of a purported class, "[a]ctual" and "consequential" damages, which would include the difference between the amount Progressive Northern paid her and the purported class members and the amount Plaintiff contends Progressive Northern should have pa*Id.*  Am. Pet. at p. 15.

30.     Plaintiff alleges that the proposed class includes "thousands" of members, and she alleges that her "claims . . . are typical of the claims to be advanced by members of the class. . . ."  Am. Pet.  65, 67.

31.     In Plaintiff's case, Progressive Northern determined that the actual cash value of Plaintiff's Malibu 6-cylinder was $4,282.54.  *Id.*  17.

32.     Plaintiff alleges that an "acceptable" amount for settlement of the loss of her Malibu 6-Cylinder would have been $6,125.00-an estimate she found in the NADA Guide. *Id.* 21.

33.     Accordingly, Plaintiff alleges that Progressive Northern "undervalued" her total loss vehicle by $1,842.46. *Id.* 17, 21 ($6,125 NADA Guide estimate - $4,282.54 WCTL value).

34.     Based on Plaintiff's allegations and Progressive Northern's investigation using reasonably available data, the amount in controversy indisputably exceeds $5 million.

35.     First, assuming that "thousands" means at least 2,000, and that each member's total loss automobile was similarly "undervalued" by at least $1,842.46, the amount of actual damages in controversy would equal $3,684,920.   That amount does not include consequential or punitive damages, amounts disgorged, or attorney's fees, all of which Plaintiff seeks in the Amended Petition.  Am. Pet. at 15.  If "thousands" means 3,000 purported class members, the amount of actual damages in controversy would equal $5,527,380, not including consequential or punitive damages, amounts disgorged, or attorney's fees.

36.     Second, while Plaintiff's allegations alone demonstrate that the amount in controversy exceeds $5 million, Progressive Northern's investigation confirms that conclusion.  Progressive Northern's investigation reveals that it has adjusted approximately 10,061 total loss claims under Oklahoma automobile insurance policies containing collision and/or comprehensive coverage using WCTL.  Silver Decl.  2.  Accordingly, the amount of

actual damages alone placed in controversy by Plaintiff's Amended Petition is $18,536,990.10 (10,061 x $1,842.46).

37.     Third, Plaintiff also seeks, on behalf of the purported class, "disgorgement" of the increased benefits derived by Progressive Northern as a result of its alleged wrongful conduct.  Am. Pet. at p. 15.

38.     Plaintiff alleges that Progressive Northern applied a "Projected Sold Adjustment" to the four comparable vehicles used to value her Malibu 6-cylinder which "resulted in a savings to Progressive of: $348.00; $362.00; $310.00; $334.00." *Id.* 20. Accordingly, Plaintiff alleges that Progressive Northern "saved" $338.50 by applying the Projected Sold Adjustment to the comparable vehicles it used to determine the value of her loss vehicle. *See Id.*  Plaintiff further alleges that Progressive Northern "employs this practice across all members of the proposed class." *Id.*

39.     Plaintiff's claim for "disgorgement" of savings to Progressive Northern for each of the approximately 10,061 purported class members would place an additional $3,405,648.50 in controversy-10,061 class members x $338.50 savings to Progressive Northern from application of Projected Sold Adjustment.

40.     Fourth, Plaintiff seeks punitive damages and attorney's fees.  Am. Pet. at 15. Courts consider both punitive damages and attorneys' fees in determining the amount in controversy for removal under CAFA. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) ("[P]unitive damages may be considered in determining the requisite jurisdictional amount" under CAFA); Hockenbury v. Hanover Ins. Co., 2016

WL 54213, at *3 (W.D. Okla. Jan. 5, 2016) ("In determining the amount in controversy, the Court must consider not only the Petition's allegations, but also [the plaintiff's] request for, and the availability of, punitive damages and attorney's fees.").

41. Assuming (without conceding) that Oklahoma law governs Plaintiff's claim for punitive damages, she could recover punitive damages up to the greater of "One Hundred Thousand Dollars" or "the amount of the actual damages award," if her claim for breach of the duty of good faith and fair dealing succeeds. *See* O.S. Tit. 23, § 9.1(B)(2) (allowing recovery of punitive damages if "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured"); Christian v. American Home Assur. Co., 577 P.2d 899, 904 (Okla. 1977) (holding that "insurer has an implied duty to deal fairly and act in good faith with its insured," and "violation of this duty "gives rise to an action in tort for which . . . punitive damages may be sought").

42. Plaintiff's request for punitive damages thus places at least an additional $18,536,990.10 in controversy (the amount of the actual damages in controversy), and as much as an additional $100,000 for each purported class member. *See* O.S. Tit. 23, § 9.1(B)(2); *see also Plummer v. Farmers Group*, 388 F. Supp. 2d 1310, at 1318 (E.D. Okla. 2005) (holding that amount in controversy was satisfied by "the face of Plaintiff's Amended Petition" which claims "that each of the 'thousands' of class members were damaged by Defendants bad faith, which could result in additional damages of $100,000 or more under 23 O.S. § 9.1 for each proven individual claim").

43.     Alternatively, Plaintiff demands actual, consequential, and punitive damages for herself "which will exceed $10,000.00." Am. Pet. at p. 15. Assuming each of the approximately 10,061 purported class members recovers at least $10,000.00 in damages, the total amount in controversy is $100,610,000.

44.     In sum, Plaintiff's request for (1) actual and consequential damages arising from the "undervaluation" of her total loss automobile, (2) "disgorgement" of savings occasioned by use of the "Projected Sold Adjustment," and (3) punitive damages and attorney's fees, places the amount in controversy well in excess of the $5 million CAFA threshold.

## III.     CONCLUSION

45.     For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Progressive Northern respectfully requests that his action be removed for the District Court of Oklahoma County to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:        brad@pclaw.org
**ATTORNEYS FOR DEFENDANT**

– and –

Zachary A. McEntyre, Esquire
 (*pro hac vice* forthcoming)
Julia C. Barrett, Esquire
 (*pro hac vice* forthcoming)
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone:   404-572-4600
Facsimile:   4040-572-5100
Email:        zmcentyre@kslaw.com
              jbarrett@kslaw.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jason Waddell, Esquire

s/ Brad L. Roberson
For the Firm

12