IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHEL CURTIS, Individually and on Behalf of Persons Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-17-1076-C |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has recently been involved in two separate automobile collisions that resulted in both vehicles being declared a total loss. Defendant insured both vehicles. Plaintiff made a claim with Defendant under the appropriate insurance policy for each loss. According to Plaintiff, in both instances Defendant failed to properly value her vehicle and failed to make a proper offer of compensation, as required by the insurance policy. As a result, Plaintiff filed the present action raising claims for breach of contract, bad faith, unjust enrichment, and fraud. Defendant has moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's Second Amended Complaint fails to state a claim for relief. After consideration of the arguments raised by the parties, the Court finds that Defendant's Motion should be denied.

Initially, Defendant argues that Plaintiff's Second Amended Complaint improperly attempts to state a claim for relief based upon a violation of Oklahoma's Unfair Claims Settlement Practices Act, 36 Okla. Stat. § 1250.1 et seq. ("UCSPA"). However, as

Plaintiff notes, her claims are not premised on that Act; rather she alleges portions of that Act outline the ways in which Defendant's actions amounted to bad faith. Plaintiff agrees that the UCSPA cannot provide a private claim for relief, but notes that Oklahoma has recognized that Act as providing a framework for considering whether or not particular conduct is unreasonable. See Beers v. Hillory, 2010 OK CIV APP 99, ¶ 30, 241 P.3d 285, 293-94. Upon review of Plaintiff's Second Amended Complaint, the Court finds that any reliance on the UCSPA falls within the appropriate guidelines.

The remainder of Defendant's Motion to Dismiss warrants little discussion, as it improperly attempts to argue that the facts fail to establish any liability. However, at this stage of the proceedings, what the facts may or may not demonstrate is irrelevant. Rather, Plaintiff's only obligation is to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007)). Because Plaintiff's Second Amended Complaint meets these standards, Defendant's request for dismissal will be denied.

For the reasons set forth herein, Defendant Progressive Northern Insurance Company's Motion to Dismiss (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 12th day of December, 2017.

ROBIN J. CAUTHRON
United States District Judge