# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RACHEL CURTIS, et al.,        )
       )
  v.        )
       )  Case No. 5:17-cv-01076-C
PROGRESSIVE NORTHERN        )
INSURANCE COMPANY,        )
       )
      Defendant.        )
       )

## NON-PARTY MITCHELL INTERNATIONAL, INC.'S OPPOSITION TO THE MOTION TO COMPEL COMPLIANCE WITH PLAINTIFF'S SUBPOENA

Dated: May 22, 2018            Respectfully submitted:

**MITCHELL INTERNATIONAL, INC.**

By:    /s/ Michael S. Linscott
       One of Its Attorneys

Michael S. Linscott
Doerner Saunders Daniel & Anderson LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
mlinscott@dsda.com
T: 918-591-5288
F: 918-925-5288

*Attorney for non-party Mitchell International, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE
     SUBPOENA IS INVALID, AND THIS COURT THEREFORE
     LACKS JURISDICTION TO HEAR PLAINTIFF'S MOTION. ........................... 3

     A.   Plaintiff's Subpoena is Facially Invalid Because Plaintiff
          Failed to Comply With Rule 45(c) Regarding the Place of
          Compliance. ......................................................................................... 3

     B.   This Court Lacks Jurisdiction to Hear the Motion Because
          Rule 45(d) Requires all Subpoena Motions to be Filed Where
          Compliance is Ordered. ....................................................................... 4

     C.   Service on Mitchell's Registered Agent in Oklahoma Does
          Not Satisfy the Geographical Limitations of Rule 45(c). ..................... 6

II.  PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE
     SUBPOENA IMPOSES AN UNDUE BURDEN ON MITCHELL
     BY SEEKING INFORMATION THAT IS DUPLICATIVE TO
     DISCOVERY SOUGHT FROM DEFENDANT PROGRESSIVE
     NORTHERN. ..................................................................................................... 8

III. PLAINTIFF'S MOTION IS PREMATURE, AND SHOULD BE
     DENIED, BECAUSE PLAINTIFF HAS NOT ENGAGED IN THE
     MEET AND CONFER PROCESS FOR EACH SUBPOENA
     REQUEST. ...................................................................................................... 14

     A.   Mitchell Timely Objected and Preserved all Objections to the
          Subpoena. .......................................................................................... 14

     B.   Plaintiff has not Engaged in the Meet and Confer Process
          with Mitchell Regarding Mitchell's Objections to Each
          Individual Request. ............................................................................. 16

IV.  THIS COURT SHOULD AWARD MITCHELL ITS COSTS AND
     ATTORNEYS' FEES INCURRED RESPONDING TO THIS
     MOTION. ........................................................................................................ 20

CONCLUSION ....................................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Aclin v. PD-RX Pharmaceuticals Inc.*,
    189 F. Supp. 3d 1294 (W.D. Okla. 2016) ............................................................... 6

*Agincourt Gaming, LLC v. Zynga, Inc.*,
    No. 14 CV 0708, 2014 WL 4079555 (D. Nev. Aug. 15, 2014) .............................. 5

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    300 F.R.D. 406 (C.D. Cal. 2014) ......................................................................... 12

*AngioScore, Inc., v. TriReme Medical, Inc.*,
    12-cv-03393-YGR, 2014 WL 6706873 (N.D. Cal. Nov. 25, 2014)........................ 3

*Arthrex, Inc. v. Parcus Medical, LLC*,
    No. 1:22-mc-00107-SEB-DML, 2011 WL 6415540 (S.D. Ind. 2011) ................. 12

*Arthur J. Gallagher & Co. v. O'Neill*,
    No. 17-2825, 2017 WL 5713361 (E.D. La. Nov. 27, 2017) ..................... 14, 15, 16

*Black Card, LLC v. VISA U.S.A., Inc.*,
    No. 15-CV-027-S, 2016 WL 7325684 (D. Wyo. May 9, 2016) ........................... 11

*Brown v. Mountainview Cutters, LLC*,
    No. 7:15-cv-00204, 2016 WL 3045349 (W.D. Va. May 27, 2016)...................... 11

*Chambers v. Whirlpool Corp.*,
    No. SACV 11-1733, 2016 WL 9451360 (C.D. Cal. Aug. 12, 2016) ...................... 5

*Enviropak Corp. v. Zenfinity Capital, LLC*,
    4:14-CV00754 ERW, 2014 WL 4715382 (E.D. Mo. Sept. 22, 2014) .................. 12

*Europlay Capital Advisors, LLC v. Does*,
    323 F.R.D. 628 (C.D. Cal. 2018) ...............................................................4, 5, 7, 8

*Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*,
    No. 13-238, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014) ......................................... 5

*Huntair, Inc. v. Climatecraft, Inc.*,
    254 F.R.D. 677 (N.D. Okla. 2008) ....................................................................... 21

*In re Cantrell*,
No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011 (W.D. Mo. Apr. 21, 2009) ........................................................................................ 12

*In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*,
No. 3:14-mc-73-G, 2015 WL 12916415 (N.D. Tex. Mar. 10, 2015) .................... 15

*In re: Genetech Herceptin (Trastuzumab) Marketing and Sales Practices Litigation*,
No. 16–MD–2700, 2017 WL 4010845 (N.D. Okla. Sept. 12, 2017) .................... 13

*Ingersoll v. Farmland Foods, Inc.*,
No. 10-6046-CV-SJ-FJG, 2011 WL 1131129 (W.D. Mo. Mar. 28, 2011) ........................................................................................ 12

*Medical Components, Inc. v. Classic Medical, Inc.*,
210 F.R.D. 175 (M.D.N.C. 2002) .................................................. 21

*Millennium TGA, Inc. v. Comcast Cable Communications LLC*,
286 F.R.D. 8 (D. D.C. 2012) ...................................................... 21

*Mount Hope Church v. Bash Back!*,
705 F.3d 418 (9th Cir. 2012) .................................................... 20

*Music Grp. Macao Commercial Offshore Ltd. v. Does*,
82 F. Supp. 3d 979 (N.D. Cal. 2015) ............................................ 5, 8

*Optimize Technology Solutions, LLC v. Staples, Inc.*,
No. 14–mc–80095–LHK (HRL), 2014 WL 1477651 (N.D. Cal. April 14, 2014) .................................................................. 12

*Precourt v. Fairbank Reconstruction Corp.*,
280 F.R.D. 462 (D. S.D. 2011) ................................................... 12

*Procaps S.A. v. Patheon Inc.*,
No. 12-24356-CIV, 2015 WL 1722481 (S.D. Fla. Apr. 15, 2015) .................... 4

*Rocky Mountain Med. Mgmt, LLC v. LHP Hosp. Group, Inc.*,
No. 13–cv–00064, 2013 WL 6446704 (D. Idaho Dec. 9, 2013) ...................... 12

*Roosevelt Irrigation District v. Salt River Project Agricultural Improvement*,
2:10-CV-00290-DAE-BGM, 2016 WL 159842 (D. Arizona Jan. 14, 2016) ......................................................................... 12

*Samuelson v. Honeywell,*
    863 F. Supp. 1503 (E.D. Okla. 1994) ........................................................... 6

*Sarma v. Wells Fargo & Co.,*
    1:15-mc-63, 2016 WL 410013 (M.D.N.C. Feb. 2, 2016) ..................................... 11

*South Point Wholesale, Inc. v. Vilardi,*
    1:17-cv-00052-GNS, 2017 WL 9285528 (W.D. Ky. Oct. 6, 2017)......................... 6

*Traut v. Quantum Servicing, LLC,*
    No. 3:18-mc-14-D-BN, 2018 WL 1035134 (N.D. Tex. Feb. 23,
    2018)..................................................................................................... 15

*Woods ex rel. U.S. v. SouthernCare, Inc.,*
    303 F.R.D. 405 (N.D. Ala. 2014) .............................................................. 4

*XTO Energy, Inc. v. ATD, LLC,*
    No. 14–1021 JB/SCY, 2016 WL 1730171 (D. N.M. Apr. 1, 2016) ................. 5, 20

*Zamora v. GC Services*, LP,
    EP-15-cv-00048-DCG, 2017 WL 1861843 (W.D. Tex. Feb. 17,
    2017)..................................................................................................... 11

## STATUTES

California Code of Civil Procedure Section 1985.3 .......................................... 20

Fed. R. Civ. P. 26(b)(2)(C) ...................................................................... 11

Fed. R. Civ. P. 45 .................................................................................. 4

Fed. R. Civ. P. 45(c)(2)(A) ................................................................ 1, 3, 7

Fed. R. Civ. P. 45(d)(1) .................................................................. 1, 9, 20

Fed. R. Civ. P. 45(d)(2)(B) .................................................................... 15

Fed. R. Civ. P. 45(d)(3)(A) ..................................................................... 4

Fed. R. Civ. P. 45(d)(3)(A)(ii) ................................................................. 1

## INTRODUCTION

Non-party Mitchell International, Inc. ("Mitchell") respectfully requests that the Court deny Plaintiff's "Motion to Compel Compliance With Subpoena" (Dkt. No. 38) (the "Motion") for several independent reasons.

First, this Court lacks jurisdiction to hear Plaintiff's Motion.  Pursuant to Fed. R. Civ. P. 45(c)(2)(A), compliance with the Subpoena was required to be within 100 miles of San Diego, where Mitchell indisputably maintains its headquarters and principal place of business.  Plaintiff ignored this requirement and issued a facially invalid Subpoena that purported to order compliance in Shawnee, Oklahoma.  *See* Dkt. 38-1.  Plaintiff then ignored Mitchell's objections on this basis, and compounded the error by bringing the instant Motion in this Court, in violation of Rule 45(d)(3)(A)(ii), which requires all subpoena-related motions to be brought where compliance is ordered – *i.e.*, in San Diego.  Thus, this Court lacks jurisdiction to consider the Motion, which should be denied without further consideration.

Second, Plaintiff's Motion fails to address Mitchell's second predicate objection – namely, that the Subpoena unduly burdens Mitchell with Subpoena requests that are duplicative of discovery requests previously served on named Defendant Progressive Northern Insurance Company ("Progressive Northern").  Eight of Plaintiff's 17 requests are duplicative of discovery requests that Plaintiff served on Progressive Northern on or about February 22, 2018.  Pursuant to Rule 45(d)(1), Plaintiff is obligated to "take reasonable steps to avoid imposing undue burden or expense" on Mitchell as a non-party to the litigation, including avoiding burdening Mitchell with a subpoena seeking

1

duplicative information already requested from a party to the litigation. Because the Subpoena imposes an undue burden on Mitchell, the Court should deny the Motion.

Third, even if the Court had jurisdiction to entertain the Motion, and even if the Court overruled Mitchell's general objection to the Subpoena as unduly burdensome, the Court still should deny Plaintiff's Motion because it is premature. Plaintiff brought this Motion – and makes the extraordinary claim that "Mitchell waived its rights to object to the subpoena" (Motion, Dkt. 38, at 9) – without ever discussing with Mitchell the specific objections that Mitchell has, in fact, already raised in response to each individual Subpoena Request. Plaintiff even admits that she has not engaged in a meet and confer process with Mitchell regarding Mitchell's specific objections to Plaintiff's Requests, and instead prematurely filed the instant Motion when Mitchell declined to waive its predicate objections to Plaintiff's Subpoena. *See* Motion, Dkt. 38, at 9 ("Mitchell was unwilling to abandon their objection to the validity of the subpoena to move forward on the materiality/substance of the subpoenaed information"). Because Plaintiff failed to engage in the meet and confer process, the Court should deny the Motion.

Finally, due to the Subpoena's facial invalidity, Plaintiff's failure to avoid imposing undue burden on Mitchell as a non-party, and Plaintiff's failure to participate in meaningful meet and confer efforts regarding the scope and nature of Plaintiff's Subpoena (and Mitchell's objections to Plaintiff's Requests), Mitchell respectfully requests that this Court also enter an order, pursuant to Rule 45(d)(1), requiring Plaintiff and her counsel to reimburse Mitchell for its costs and attorneys' fees incurred in responding to this Motion.

## ARGUMENT

I.   **Plaintiff's Motion Should be Denied Because the Subpoena is Invalid, and This Court Therefore Lacks Jurisdiction to Hear Plaintiff's Motion.**

    A.   **Plaintiff's Subpoena is Facially Invalid Because Plaintiff Failed to Comply With Rule 45(c) Regarding the Place of Compliance.**

As Mitchell explained in its March 23, 2018 letter timely asserting objections to Plaintiff's Subpoena (Dkt. No. 38-1), Plaintiff's Subpoena is facially invalid because it purports to compel Mitchell's compliance in Shawnee, Oklahoma.  Rule 45(c)(2)(A), however, requires compliance only "at a place within 100 miles of where the person [subject to the subpoena] resides, is employed, or regularly transacts business in person." As Mitchell explained in its letter, Mitchell is a Delaware corporation with its headquarters and principal place of business in San Diego, California.  *See* Dkt. No. 38-1; *see also* www.mitchell.com/company/about-mitchell (stating "Mitchell is headquartered in San Diego, California") (last visited May 22, 2018).  Mitchell further explained that it neither "resides," nor "is employed," nor "regularly transacts business in person" within 100 miles of Shawnee, Oklahoma, (*see* Dkt. No. 38-1), and in fact Mitchell does not maintain any office or physical presence within Oklahoma.  Instead, all documents that may be responsive to Plaintiff's Subpoena will be collected from San Diego, California.

Because Plaintiff purports to order Mitchell to comply with the Subpoena beyond the geographical limits specified in Rule 45(c), Plaintiff's Subpoena to Mitchell is "invalid on its face."  *See AngioScore, Inc., v. TriReme Medical, Inc.*, 12-cv-03393-YGR, 2014 WL 6706873, at *1, n.1 (N.D. Cal. Nov. 25, 2014) (finding a subpoena issued to a non-party corporation with a Colorado headquarters "invalid on its face" because it

purported to require compliance in Palo Alto, California); *see also Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (finding the place of compliance for a subpoena to Google had to be the Northern District of California because "it is within 100 miles of where (1) Google is headquartered; (2) Google's custodians of records reside, are employed, and regularly transact business in person; and (3) Google's custodians produced records in response to the Subpoena"); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) (holding the district of compliance for a Rule 45 subpoena is where the nonparty corporation was headquartered); *see also* Fed. R. Civ. P. 45, 2013 Advisory Committee Notes, at ¶ 15 ("Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)").

## B. This Court Lacks Jurisdiction to Hear the Motion Because Rule 45(d) Requires all Subpoena Motions to be Filed Where Compliance is Ordered.

Despite its facial invalidity, Plaintiff refused to withdraw the Subpoena and reissue it with a request for compliance in San Diego, California. Plaintiff then compounded her error by erroneously filing the instant Motion in this Court. Pursuant to Rule 45(d)(3)(A), "challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) (citation omitted). This requirement protects the interests of non-parties by requiring subpoena-related motions to proceed in the non-party's local jurisdiction, where compliance is required. *See* Fed. R. Civ. P. 45, 2013 Advisory Committee Notes, at ¶ 18 ("to protect local

nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).”); *see also Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (recognizing that forcing a nonparty and its counsel to travel out of their home district to address a Rule 45 motion to compel 'unduly burdens' the nonparty”).

This Court, therefore, lacks jurisdiction to consider the Motion because this Court is not the proper Judicial District for Subpoena compliance. *Europlay Capital Advisors*, 323 F.R.D. at 629 (denying motion to compel, stating that because the court was not the proper place of compliance for the subpoena, “this Court has no jurisdiction over Plaintiff's motion to compel”); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14 CV 0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) (“under the current version of [Rule 45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion”); *Chambers v. Whirlpool Corp.*, No. SACV 11-1733, 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016) (same); *XTO Energy, Inc. v. ATD, LLC*, No. 14–1021 JB/SCY, 2016 WL 1730171, at *20 (D. N.M. Apr. 1, 2016) (“motions to quash or enforce a subpoena can be brought in the district where compliance is required—i.e., the district in which the subpoena's recipient resides or works”); *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982-84 (N.D. Cal. 2015) (holding there is “no question” the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered); *South Point Wholesale, Inc. v. Vilardi*, 1:17-cv-00052-GNS,

2017 WL 9285528, at *2 (W.D. Ky. Oct. 6, 2017) (denying motion to compel compliance with subpoena because the motion was not filed in the non-party's local court, stating "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)") (citation omitted).  Because this Court lacks jurisdiction to hear Plaintiff's Motion, the Motion should be denied.

> ### C.  Service on Mitchell's Registered Agent in Oklahoma Does Not Satisfy the Geographical Limitations of Rule 45(c).

Plaintiff's argument that she effectuated "sufficient service" of the Subpoena pursuant to Rule 4 by serving Mitchell's registered agent for service of process within Oklahoma does not change this analysis.  *See* Motion, at 6.  Whether Mitchell maintains a registered agent for service of process within Oklahoma neither demonstrates that Mitchell "does business" in Oklahoma, nor is sufficient to subject Mitchell to the "general jurisdiction" of this Court.  *See, e.g.*, *Aclin v. PD-RX Pharmaceuticals Inc.*, 189 F. Supp. 3d 1294, 1304-05 (W.D. Okla. 2016) (rejecting argument that defendant was subject to the court's general jurisdiction "based on [the defendant's] compliance with Okla. Stat. tit. 18 § 1022" which "requires foreign corporations doing business in Oklahoma to maintain a registered agent"); *see also Samuelson v. Honeywell,* 863 F. Supp. 1503, 1507 (E.D. Okla. 1994) (rejecting argument that registration in Oklahoma constitutes consent to general jurisdiction).

Moreover, when analyzing whether a corporation "does business" within a particular jurisdiction, "a different (and presumably stricter) standard might apply to non-party subpoenas" than that which applies to a court "decid[ing] whether it has jurisdiction

over the corporation as a party defendant." *Europlay Capital Advisors*, 323 F.R.D. at 630.  Indeed, "whether a corporation is <u>present</u> in a district is not a compelling argument when the corporation is a nonparty," and thus mere service of a subpoena within the Judicial District does not satisfy the requirements of Rule 45.  *Id.* (emphasis in original) (finding the Court lacked jurisdiction because "despite Google having an office in [the Judicial District], the proper district to hear a motion to compel is where Google is headquartered").  Here, Mitchell's alleged "presence" is limited solely to its registered agent for service of process, because Mitchell does not have an office located within this Judicial District, nor does it "regularly transact[] business in person" in Oklahoma.  This alleged "presence" is insufficient to satisfy the requirements of Rule 45.

Plaintiff's suggestion that the 100-mile limitations of Rule 45 do not apply when the issue "relates solely to a document subpoena" is also misplaced.  Motion, at 7-8.  The *Europlay* Court expressly rejected this argument as well, finding "the current version of Rule 45 clearly requires that the 'production of documents [or] electronically stored information' must be 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Europlay Capital Advisors,* 323 F.R.D. at 630 (citing Rule 45(c)(2)(A)).  Moreover, to the extent Plaintiff is alleging that Mitchell's status as a corporation prevents it from being considered a "person" subject to the protections of Rule 45(c) (*see* Motion, at 7), this argument is belied by the face of the Subpoena itself, which specifically states that the "person to whom this subpoena is directed" is "Mitchell International, Inc."  *See* Dkt. No. 38-1.

More fundamentally, these arguments – as well as Plaintiff's suggestion that the protections of Rule 45(c) are inapplicable because any document production in response to the Subpoena could be accomplished by "electronic means" (*see* Motion, at 8) – continue to miss the point.  The protections afforded by the geographical limitations of Rule 45(c) focus not only on the actual production of materials in response to the Subpoena, but also on *compliance* with the Subpoena.  Whether Mitchell may agree that any document production in response to the Subpoena can be completed in electronic format has no bearing on the requirement, pursuant to Rule 45(d)(3)(A), that the Subpoena request a place of compliance in San Diego, California, where Mitchell is headquartered.  *Europlay Capital Advisors, LLC*, 323 F.R.D. at 629.  Again, this requirement is intended to protect Mitchell, as a non-party, from the very situation presented here: namely, defending itself against a subpoena-related motion filed in a far-away forum, rather than in its home forum in the Southern District of California.  *Music Grp. Macao*, 82 F. Supp. 3d at 982-84 (holding there is "no question" the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered).

 Plaintiff's Motion should be denied because the Subpoena is facially invalid, and because the Court lacks jurisdiction to hear the Motion.

## II.    Plaintiff's Motion Should Be Denied Because the Subpoena Imposes an Undue Burden on Mitchell by Seeking Information that is Duplicative to Discovery Sought From Defendant Progressive Northern.

Plaintiff's Motion should be denied for the independent reason that it fails to address Mitchell's second predicate objection, that the Subpoena improperly imposes an

undue burden on Mitchell.  As Mitchell explained in its March 23 letter timely asserting objections to the Subpoena, Mitchell objects to the Subpoena as "imposing an undue burden and expense on Mitchell" because it is Mitchell's understanding that "the Subpoena is duplicative of discovery requests recently served" on Defendant Progressive Northern.  *See* Dkt. 38-2.  Because Plaintiff has ignored her obligation, pursuant to Rule 45(d)(1), to "take reasonable steps to avoid imposing undue burden or expense" on Mitchell as a non-party to the litigation, Plaintiff's Motion should be denied.

It is Mitchell's understanding that eight of Plaintiff's 17 Subpoena Requests to Mitchell are duplicative of document requests that Plaintiff previously issued to Defendant Progressive Northern.  *See* Dkt. 38-2, at 3 (stating "it is Mitchell's understanding that Request Nos. 1, 2, 4, 7, 8, 9, 11, and 12 are duplicative of discovery requests served on Progressive Northern on or about February 22, 2018").  While Mitchell has not specifically reviewed the discovery requests that Plaintiff served on Progressive Northern, Mitchell did receive a copy of Progressive Northern's Objections to the Subpoena.  *See* Exhibit A, March 15, 2018 Objections by Progressive Northern.  In those Objections, Progressive Northern expressly objected to the Subpoena Requests on multiple grounds, including that Subpoena Request Nos. 1, 2, 4, 7, 8, 9, 11, and 12 are "premature and duplicative" of multiple individual discovery requests previously issued to Progressive Northern.  *Id*.

Based on that representation, Mitchell objected to those Subpoena Requests as imposing an undue burden on Mitchell, because the requested information could presumably be obtained directly from Progressive Northern, as a party to the litigation.

9

*See* Dkt. 38-2, at 3.  Mitchell further explained in its March 23 letter that, because Rule 45(d)(1) requires Plaintiff to avoid imposing an undue burden on Mitchell, it was improper for Plaintiff to issue a "premature Subpoena [to] Mitchell that is duplicative of information that she is apparently seeking from Progressive Northern as a party to the litigation."  *Id*.  Instead, before pursuing a Subpoena directed towards Mitchell as a non-party, Plaintiff should be required to attempt to obtain the information first from Progressive Northern directly, because Progressive Northern is a party to the litigation.

When confronted with these objections, Plaintiff's counsel refused to concede that it is improper for Plaintiff to seek to force Mitchell to produce information pursuant to her Subpoena that is duplicative of the information Plaintiff seeks to obtain directly from Progressive Northern.  Instead, Plaintiff's counsel explained that it was his understanding that Plaintiff is entitled to obtain discovery from any source necessary without limitation, irrespective of whether the information is duplicative of that already sought from a party to the litigation.  *See* Exhibit B, Decl. of T. Warden, ¶ 5.  More concerning, and despite Progressive Northern's objections to the Subpoena claiming the contrary, Plaintiff's counsel even refused to concede that Plaintiff's Subpoena to Mitchell seeks the production of "duplicative" information to that already sought from Progressive Northern.  When pressed on this stance, Plaintiff's counsel attempted to claim that the Subpoena is not "duplicative" of requests issued to Progressive Northern, despite admitting, for example, that Subpoena Request No. 1 to Mitchell seeking the production of the contract between Progressive Northern and Mitchell is also the subject matter of

Request for Production No. 4 to Progressive Northern.  *Id.*, ¶ 6; *see also* Exhibit A, March 15, 2018 Objections by Progressive Northern.

Plaintiff's arguments are directly contradicted by the overwhelming weight of authority, which collectively stands for the proposition that Plaintiff is obligated to avoid imposing duplicative, and unduly burdensome, Subpoena Requests to Mitchell, as a non-party.  Similar to all other forms of discovery, "the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b)."  *Zamora v. GC Services*, LP, EP-15-cv-00048-DCG, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017).  Thus, the Court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

Consistent with this principle, District Courts across the United States repeatedly quash subpoenas issued to non-parties as unduly burdensome when the information sought pursuant to the subpoena is duplicative because it either is – or could be – the subject of discovery requests to a party to the litigation.  *See, e.g.*, *Black Card, LLC v. VISA U.S.A., Inc.*, No. 15-CV-027-S, 2016 WL 7325684, at *3 (D. Wyo. May 9, 2016) (quashing subpoena and holding that, because a party possessed "most, if not all, the requested information," the information could be obtained from a less burdensome source); *Brown v. Mountainview Cutters, LLC*, No. 7:15-cv-00204, 2016 WL 3045349, at *4 (W.D. Va. May 27, 2016) (quashing subpoenas because the information requested could be obtained from plaintiff); *Sarma v. Wells Fargo & Co.*, 1:15-mc-63, 2016 WL 410013, at *6 (M.D.N.C. Feb. 2, 2016) (quashing subpoena, stating the requesting party

could "obtain the same type of information they seek . . . via a more appropriate source (i.e., a party)"); *Roosevelt Irrigation District v. Salt River Project Agricultural Improvement*, 2:10-CV-00290-DAE-BGM, 2016 WL 159842, at *3 (D. Arizona Jan. 14, 2016) (quashing subpoena because the information requested was available from parties, and thus the subpoena request "places an undue burden" on the non-party); *Enviropak Corp. v. Zenfinity Capital, LLC*, 4:14-CV00754 ERW, 2014 WL 4715382, at *4 (E.D. Mo. Sept. 22, 2014) (quashing subpoena on non-party because the information could be obtained from a party to the litigation, stating "Defendant should attempt to procure the requested documents from Plaintiff before serving [the non-party] with a subpoena").[1]

---

[1] Many more cases support this proposition.  *See also Optimize Technology Solutions, LLC v. Staples, Inc.*, No. 14–mc–80095–LHK (HRL), 2014 WL 1477651, at *3 (N.D. Cal. April 14, 2014) (quashing subpoena seeking "invoices or marketing materials because that information is available from [a party to the litigation]"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) (quashing subpoena where the party either already had the requested information, or had the opportunity to obtain it from another party, stating "courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party"); *Rocky Mountain Med. Mgmt, LLC v. LHP Hosp. Group, Inc.*, No. 13–cv–00064, 2013 WL 6446704 (D. Idaho Dec. 9, 2013) ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation"); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D. S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena"); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *8 (W.D. Mo. Mar. 28, 2011) ("[W]hile non-party discovery can be undertaken, at this point in time there is no indication that plaintiffs cannot get the same or similar information from defendant"); *Arthrex, Inc. v. Parcus Medical, LLC*, No. 1:22-mc-00107-SEB-DML, 2011 WL 6415540, at *6 (S.D. Ind. 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests"); *In re Cantrell*, No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (quashing subpoena because a party in the action had the information).

This authority goes unchallenged – indeed, unaddressed – in Plaintiff's Motion. Instead, Plaintiff's counsel simply alleges that Mitchell is "intimately intertwined" with the claims presented in the litigation, and thus allegedly "less undue burden" is imposed on Mitchell to respond to the duplicative Subpoena. *See, e.g.*, Motion, at 12-14. Plaintiff relies on a single case as support, where enforcement was allowed of a subpoena against a third-party drug manufacturer that supplied the drug at issue in the litigation. *See* Motion, at 13 (citing *In re: Genetech Herceptin (Trastuzumab) Marketing and Sales Practices Litigation*, No. 16–MD–2700, 2017 WL 4010845, at *2 (N.D. Okla. Sept. 12, 2017)). But Plaintiff failed to explain to this Court that enforcement of the subpoena was allowed there because "the discovery is not unreasonably cumulative with requests to Defendant or necessarily obtainable from Defendant." *Genetech*, 2017 WL 4010845, at *2. The plaintiff there was able to demonstrate that the defendant's document production "may not include all responsive communications" with the non-party drug manufacturer, "due in part to Defendant's automatic e-mail deletion policy." *Id*. As a result, the duplicative requests via the subpoena were "not unreasonable" because the plaintiff had demonstrated that it could not obtain the information from a party to the litigation. *Id*.

Here, by contrast, Plaintiff cannot make any such showing, because Plaintiff issued duplicative requests to both Progressive Northern and Mitchell in simultaneous fashion, followed by the instant Motion. Plaintiff's Motion should be denied, because Plaintiff's Subpoena improperly imposes an undue burden and expense on Mitchell by purporting to require Mitchell to produce information that is duplicative of information sought from Progressive Northern.

**III.    Plaintiff's Motion is Premature, and Should Be Denied, Because Plaintiff has not Engaged in the Meet and Confer Process for Each Subpoena Request.**

Even if this Court had jurisdiction to entertain the Motion, and even if this Court overruled Mitchell's undue burden objection, Plaintiff's Motion still should be denied because it is premature.

**A.    Mitchell Timely Objected and Preserved all Objections to the Subpoena.**

Plaintiff claims that "Mitchell waived its rights to object to the subpoena," based on Plaintiff's apparent belief that Mitchell was required to file a motion to quash the Subpoena within 14 days of service of the Subpoena so as to preserve its objections.  *See* Motion, at 9.  Plaintiff is mistaken.

When a non-party is served with an objectionable subpoena for the production of documents, the non-party "has four procedural options."  *Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 WL 5713361, at *1-4 (E.D. La. Nov. 27, 2017).  The non-party could comply with the subpoena.  *Id*.  Alternatively, the non-party could ignore the subpoena, running the risk of a contempt citation and a finding "that all objections have been waived."  *Id*.  As a third option, "the non-party '**may** serve on the party or attorney designated in the subpoena a written objection'" to the document requests.  *Id*. (emphasis in original) (citation omitted).  The use of the permissive "may" indicates that the "non-party is <u>not</u> required to serve written objections" but may choose to do so because it is "a less formal, easier, usually less expensive method of forestalling subpoena compliance when compared to the separate option of filing a motion to quash or modify the subpoena . . . ."  *Id*. (emphasis in original).  As a fourth option, the non-party may "move to modify

14

or quash the subpoena as a means of asserting its objections to the subpoena." *Id*.  Unlike

written objections to a subpoena, "a motion to quash is <u>not</u> subject to the 14-day

requirement," but "the motion to quash must be 'timely.'" *Id*. (emphasis in original).

Mitchell chose the "third option."  Mitchell was served with Plaintiff's Subpoena

on March 12.  *See* March 23 Letter, Dkt. No. 38-2.  Mitchell then timely served Plaintiff

with a letter pursuant to Rule 45(d)(2)(B) containing Mitchell's predicate general

objections to the Subpoena, as well as Mitchell's specific formal objections to each of

Plaintiff's individual Subpoena Requests.  *Id*.; *see also* Subpoena, Dkt. No. 38-1

(designating March 23, 5:00 p.m., as the return date and time for the Subpoena).  The

objection letter was e-mailed to Plaintiff at 3:48 p.m. on March 23, in advance of the

purported 5:00 p.m. deadline for compliance.  *See* Exhibit C, March 23, 2018 email to J.

Waddell.  This timely service ensured that Mitchell's obligations under the Subpoena

were satisfied even without filing a formal motion to quash, and further that each

objection that Mitchell raised in response to the Subpoena was preserved.  *See, e.g.,* Fed.

R. Civ. P. 45(d)(2)(B); *see also Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-

BN, 2018 WL 1035134, at *6 (N.D. Tex. Feb. 23, 2018) ("Timely serving written

objections therefore suspends the non-party's obligation to comply with a subpoena

commanding production of documents, pending a court order") (citation omitted); *In re

Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for

Use in a Foreign Proceeding*, No. 3:14-mc-73-G, 2015 WL 12916415, at *3 (N.D. Tex.

Mar. 10, 2015) (stating the general rule that "a non-party . . . waives objections if

he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court") (citation omitted); *Gallagher*, 2017 WL 5713361, at *1-4.

Plaintiff's argument that Mitchell "waived" its objections to the Subpoena because it did not move to quash the Subpoena (*see* Motion, at 9-12) is therefore misplaced.

### B.   Plaintiff has not Engaged in the Meet and Confer Process with Mitchell Regarding Mitchell's Objections to Each Individual Request.

Plaintiff's Motion also should be denied because Plaintiff has failed to engage in a meet and confer process with Mitchell regarding the scope and nature of Plaintiff's Subpoena Requests, as well as Mitchell's objections to those Requests.

Plaintiff admits in her Motion that she has not engaged in a meet and confer process with Mitchell regarding the individual Subpoena Requests. *See* Motion, Dkt. 38, at 9 ("Mitchell was unwilling to abandon their objection to the validity of the subpoena to move forward on the materiality/substance of the subpoenaed information"). As Plaintiff's Motion suggests, Plaintiff refused to engage in a meet and confer with respect to Plaintiff's individual Subpoena Requests unless and until Mitchell agreed to waive its predicate objections to the Subpoena. *See* Exhibit B, Decl. of T. Warden, ¶¶ 4, 8. Given the facial invalidity of the Subpoena, as well as the duplicative and unduly burdensome nature of the Subpoena Requests, Mitchell declined Plaintiff's request. As an alternative, Mitchell informed Plaintiff's counsel that it was willing to consider its predicate objections to the Subpoena in the context of a broader discussion regarding each of Plaintiff's Subpoena Requests. *Id*. at ¶ 9. Plaintiff's counsel refused this offer, repeating

that he was unwilling to consider narrowing the scope of his Requests unless Mitchell agreed to waive its predicate objections to the Subpoena. *Id.* at ¶ 10.

Plaintiff's position resulted in an impasse with respect to Plaintiff's Subpoena. Towards the conclusion of a telephone call between Mitchell and Plaintiff regarding the Subpoena, however, Plaintiff's counsel suggested to Mitchell's counsel that Plaintiff might consider withdrawing the Subpoena, and re-issuing it with a place of compliance in San Diego. *Id.* at ¶ 11. Doing so, of course, would have remedied the facial invalidity of Plaintiff's Subpoena. Mitchell's counsel informed Plaintiff's counsel that if Plaintiff chose to proceed in that fashion, then Mitchell of course would be willing to discuss the scope of the Subpoena Requests after service of the new, valid Subpoena. *Id.* Plaintiff's counsel stated that he would consider the issue with his co-counsel, and be back in touch with Mitchell. *Id.* Instead of getting back in touch with Mitchell, however, Plaintiff's counsel filed her premature Motion without any prior notice to Mitchell.[2]

------

[2] Curiously, despite admitting to both email and telephone correspondence with Mitchell's counsel, Plaintiff's counsel failed to serve Mitchell's counsel with this Motion via e-mail. Nor did Plaintiff's counsel telephone Mitchell's counsel to inform Mitchell of the pending Motion. Instead, Plaintiff's counsel filed the Motion without informing Mitchell, and then chose to effectuate service on Mitchell's counsel via U.S. Mail. The Certificate of Service for Plaintiff's Motion suggests that Plaintiff's counsel placed a copy of the Motion in the U.S. Mail on May 1 – the date the Motion was electronically filed with this Court. Dkt. No. 38, at 16. However, the envelope containing the Motion as it was received by Mitchell's counsel makes clear that the U.S. Postal Service did not process Plaintiff's Motion for mailing until May 2. *See* Exhibit D, envelope from J. Waddell. Moreover, Plaintiff's decision to serve Mitchell's counsel via U.S. Mail meant Mitchell was not formally served with the Motion until May 8 – exactly one week after the Motion was electronically filed. *See id.* Local Rule 7.1(g) states that all opposition briefs to motions are due to be filed 21 days after the motion is filed, but Plaintiff did not serve Mitchell with the Motion until 14 days before Mitchell's opposition was due.

As stated, Mitchell and Plaintiff have not engaged in any meaningful discussions regarding the scope or propriety of each of Plaintiff's individual Subpoena Requests in an effort to informally resolve any disputes that might exist. Nor have Mitchell and Plaintiff discussed any of Mitchell's individual objections to each of Plaintiff's individual Subpoena Requests. Indeed, Plaintiff's Motion fails to address Mitchell's individual objections at all, other than in the context of her mistaken argument that Mitchell allegedly "waived" all objections. *See* Sect. III(A), above. The purpose of the meet and confer process, of course, is to attempt to informally resolve disputes without resorting to motions practice. Plaintiff failed to engage in this effort, however, and thus none of Mitchell's objections to Plaintiff's Subpoena Requests are ripe for consideration.[3]

The premature nature of this Motion is made apparent by the fact that Plaintiff cannot plausibly deny that eight of her 17 Subpoena Requests to Mitchell are duplicative of discovery requests to Progressive Northern. Depending upon the nature and scope of document productions by Progressive Northern, many of Plaintiff's individual Subpoena Requests to Mitchell may be moot.

Furthermore, Plaintiff's description of her Subpoena Requests in the Motion differs considerably with the actual wording of the Requests, and effectively amount to

---

[3] It is unclear to Mitchell how Plaintiff could, in a manner consistent with her duties of candor to this Court, include a "Certificate of Conference" with her Motion. *See* Motion, at 15. Instead, Plaintiff appears to have violated Local Rule 37.1 by filing this Motion, because Plaintiff cannot claim that Plaintiff and Mitchell "conferred in good faith" but have "been unable to reach an accord" regarding Mitchell's objections to Plaintiff's individual Subpoena Requests. Plaintiff and Mitchell have not yet discussed Mitchell's objections to Plaintiff's individual Subpoena Requests.

an admission that the Subpoena is overly broad.  For example, Plaintiff claims that the
"information requested from Mitchell concerning the method and manner in which the
system operates in creating values for Progressive's Oklahoma insureds is the
fundamental basis of Plaintiff's claims."  Motion, at 7.  That individual statement may –
or may not – be accurate, but it certainly describes a much more limited scope of Request
to Mitchell than is apparent from the face of the Subpoena.  Further, this statement is
contradicted by later statements in the Motion, where Plaintiff claims the Subpoena "is
sufficiently limited to documents submitted to and created for Progressive including
marketing, promotion, and analyses of test programs[;]" "documents related to Mitchell's
documents [sic] which compares or contrasts the loss values of using either Kelley Blue
Book or NADA;" and "training materials and documents provided by Mitchell to
Progressive."  *Id.*, at 12.  These statements are much broader than Plaintiff's earlier
categorization of documents relating to "the method and manner" by which Mitchell's
software and services operate.

       But even these broader descriptions differ from the actual Subpoena itself.  For
example, in Subpoena Request No. 6, Plaintiff requests "[a]ny and all marketing
presentations" by Mitchell "to prospective insurance company clients," and specifically
does *not* limit the Request to marketing presentations provided to Defendant Progressive
Northern.  *See, e.g.*, Dkt. No. 38-2, at Request No. 6.  As Mitchell explained in the March
23 letter, it is unclear to Mitchell how "marketing presentations" to "prospective
insurance company clients" other than Progressive Northern is "relevant to the claims or
defenses presented in the action."  *Id*.  This discussion is academic, however, because

19

Plaintiff and Mitchell have not yet engaged any discussions regarding the scope of Plaintiff's Subpoena Requests, or Mitchell's individual objections to the Requests.[4]

Plaintiff's Motion should be denied because Plaintiff prematurely filed her Motion without engaging in the meet and confer process with Mitchell.

## IV.   This Court Should Award Mitchell its Costs and Attorneys' Fees Incurred Responding to this Motion.

In addition to denying the Motion, Mitchell respectfully requests the Court enter an Order, pursuant to Rule 45(d)(1), requiring Plaintiff and her counsel to reimburse Mitchell for its costs and attorneys' fees incurred in responding to this Motion.

Plaintiff's Subpoena was facially invalid, because it purported to order Mitchell to comply in this Judicial District, rather than in its home forum in San Diego.  Serving a facially invalid subpoena on a non-party can serve as the basis for an award of sanctions. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012) (sanctions may be awarded against the party issuing "an oppressive subpoena" or "a facially defective subpoena"); *XTO Energy*, 2016 WL 1730171, at *3 (quashing subpoena and awarding attorney's fees incurred during motions practice, because the party issuing the subpoena "did not comply with existing law pursuant to Rule 26(g)(1)(B) because its Subpoena was facially and procedurally invalid").

---

[4] The Subpoena also appears to fail to comply with California Code of Civil Procedure Section 1985.3, which proscribes certain mandatory privacy and notice provisions that must be followed before consumer records can be released pursuant to a subpoena.

Plaintiff then compounded her error by improperly forcing Mitchell to defend against this Motion in this Court, rather than in Mitchell's home forum in San Diego. This, too, can serve as the basis for the imposition of sanctions.  *See, e.g.*, *Millennium TGA, Inc. v. Comcast Cable Communications LLC*, 286 F.R.D. 8, 11 (D. D.C. 2012) ("just as it is improper under Rule 45 to subject non-parties to undue expense, it is also improper to subject [them] to the undue inconvenience of litigating in a distant forum").

Plaintiff also failed to take reasonable steps to avoid imposing undue burden and expense on Mitchell, because her Subpoena is duplicative of discovery requests that she previously served on Defendant Progressive Northern.  Again, this may serve as the basis for the imposition of sanctions.  *Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677, 680 (N.D. Okla. 2008) (awarding reimbursement of the attorneys' fees incurred by the subpoena recipient after it successfully moved to modify the facially overbroad subpoena); *Millennium TGA,* 286 F.R.D. at 11.

Finally, Plaintiff failed to participate in meet and confer efforts regarding the scope and nature of Plaintiff's Subpoena Requests, or Mitchell's objections to each of Plaintiff's Requests, and instead prematurely filed this Motion.  Plaintiff's failure to comply with the meet and confer requirements of Local Rule 37.1 can also serve as the basis to impose sanctions.  *See, e.g.*, *Medical Components, Inc. v. Classic Medical, Inc.*, 210 F.R.D. 175, 179 (M.D.N.C. 2002) (denying motion to compel enforcement of subpoena, and awarding attorney's fees to subpoena recipient as sanction against party issuing an unduly burdensome subpoena due to the party's failure to comply with the local rule requiring a certification regarding meet and confer efforts).

If the Court is inclined to award Mitchell its costs and attorneys' fees incurred as a sanction for Plaintiff's improper Motion, then Mitchell will supplement this filing with an affidavit providing factual support and details regarding its specific costs and fees incurred.

## **CONCLUSION**

For the foregoing reasons, Mitchell respectfully requests that the Court deny Plaintiff's Motion, and award Mitchell its costs and fees incurred in responding to the Motion.

Dated:  May 22, 2018                     Respectfully submitted:


**MITCHELL INTERNATIONAL, INC.**

By:     /s/ Michael S. Linscott
          One of Its Attorneys

Michael S. Linscott
Doerner Saunders Daniel & Anderson LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
mlinscott@dsda.com
T: 918-591-5288
F: 918-925-5288

*Attorney for non-party Mitchell International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Western District of Oklahoma on this 22d day of May, 2018, with notice of case activity generated and sent electronically to:

| | |
|---|---|
| Jason Waddell, PLLC<br>222 NW 13th Street<br>Oklahoma City, OK 73103<br>T: 405-232-5291<br>F: 405-708-7871<br>jason@JasonWaddellLaw.com | Brad L. Roberson<br>Pignato Cooper Kolker & Roberson, PC<br>119 North Robinson, 11th Floor<br>Oklahoma City, OK 73102<br>T: 405-606-3333<br>F: 405-606-3334<br>brad@pclaw.org |
| Terry W. West<br>Bradley D. West<br>J. Shawn Spencer<br>The West Law Firm<br>124 W. Highland – P.O. Box 698<br>Shawnee, Oklahoma 74802-0698<br>T: 405-275-0040<br>F: 405-275-0052<br>brad@thewestlawfirm.com<br>shawn@thewestlawfirm.com<br><br>*Attorneys for Plaintiff* | Zachary A. McEntyre<br>Julia C. Barrett<br>King & Spaulding LLP<br>1180 Peachtree Street N.E.<br>Atlanta, Georgia 30309<br>T: 404-572-4600<br>F: 404-572-5100<br>Zmcentyre@kslaw.com<br><br>*Attorneys for Defendant* |

/s/ Michael S. Linscott
*One of the Attorneys for non-party Mitchell International, Inc.*