IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHEL CURTIS, Individually and on Behalf of Persons Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-17-1076-C |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Compel Compliance with Subpoena Directed to Non-Party Mitchell International, Inc. (Dkt. No. 38). Non-party Mitchell International, Inc., filed Opposition to the Motion to Compel Compliance with Plaintiff's Subpoena (Dkt. No. 40). Plaintiff filed a Reply (Dkt. No. 43) and he motion is now at issue.

I. Background

On March 12, 2018, Plaintiff served non-party Mitchell International, Inc. ("Mitchell") with a subpoena duces tecum. Plaintiff requested "certain documents in the possession of Mitchell related to Defendant as well as documents unrelated to Defendant." (Pl.'s Mot., Dkt. No. 38, p. 2.) Specifically, Plaintiff requested documents from Mitchell pertaining to "the correspondence, purchase, and analysis of the [computer valuation system]" Mitchell utilized to create valuations of total loss vehicles for Defendant Progressive Northern Insurance Company. (Id.) Plaintiff served Mitchell through its

Oklahoma registered agent. (Pl's Mot. Dkt. No. 38, Ex. 1.) On March 23, 2018, Mitchell served written objections to Plaintiff's subpoena. (Pl.'s Mot., Dkt. No. 38, Ex. 2.) On March 27, 2018, Plaintiff corresponded with Mitchell about the objections to the subpoena. (Pl.'s Mot., Dkt. No. 38, Ex. 3.) On April 3, 2018, counsel conducted a telephone conference to discuss the subpoena and no resolution was reached. (Pl.'s Mot., Dkt. No. 38, p. 3.) On April 10, 2018, Plaintiff's counsel requested a Rule 37 conference to discuss the issue and followed up eight days later. (Id.) On April 26, 2018, counsel again conducted a telephone conference to discuss the subpoena and reached no resolution. (Id.) Plaintiff now seeks to compel Mitchell to produce the documents.

## II. Standard

Federal district courts enjoy broad discretion over discovery measures. Rule 26 governs the scope of discovery and its proper scope encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[T]he requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable." Holick v. Burkhart, No. 16-1188-JTM-KGG, 2017 WL 3723277 at *3 (D. Kan. August 29, 2017).

Fed. R. Civ. P. 45 provides general guidance for subpoenas issued to nonparties. Rule 45(c)(2)(A) states: "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." When a court addresses a motion to compel for "nonparty production based on a Rule 45 subpoena, as well as applying the standards of Rule 26, courts also consider the burden on the nonparty,

2

relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." Premier Election Solutions, Inc. v. Systest Labs Inc., No. 09-cv-01822-WDM-KMT, 2009 WL 3075597 at *3 (D. Colo. Sept. 22, 2009). "While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." Id.

### III. Discussion

Plaintiff argues that her subpoena is valid and enforceable because "a subpoena that commands a person to travel beyond the 100-mile boundary *must* be quashed however, a Court retains discretion to command compliance with a subpoena for documents which requires production beyond the 100-mile limitation." (Pl.'s Mot., Dkt. No. 38, p. 7.) Plaintiff states that "[t]he contractual nature of the relationship between Progressive and Mitchell, as well [as] the cost-savings incentives marketed to Progressive by Mitchell are relevant to the claims in this lawsuit . . . concerning the method and manner in which the system operates in creating values for Progressive's Oklahoma insureds is the fundamental basis of Plaintiff's claims." (Pl.'s Mot., Dkt. No. 38, pp. 6-7.) Plaintiff bases her argument on Frick v. Henry Industries, Inc., No. 13 2490-JTM-GEB, 2016 WL 6966971 (D. Kan. Nov. 29, 2016), which stands for the proposition that if a subpoena does not require the presence of witnesses and the subpoenaed documents can be produced electronically, then there is no violation of the 100-mile limitation under Fed. R. Civ. P. 45(c)(2)(A). Id. at *2. Plaintiff argues that "there is no suggestion that the requested documents could not be provided electronically or by other agreed-upon means." (Pl.'s Mot., Dkt. No. 38, p. 7.)

3

Mitchell argues that Plaintiff's subpoena is facially invalid because "this Court lacks jurisdiction to hear Plaintiff's Motion." (Mitchell's Resp., Dkt. No. 40, p. 6.) Mitchell argues the Court lacks jurisdiction because Mitchell maintains its headquarters and principal place of business in San Diego and the subpoena demands compliance in Shawnee, Oklahoma. (Mitchell's Resp., Dkt. No. 40, p. 6.) Mitchell relies on the location the electronic documents are to be produced as dispositive of this issue and grounds for this Court denying the instant subpoena. (Mitchell's Resp., Dkt. No. 40, p. 8-9.)

Here, Plaintiff states—and Mitchell does not dispute—that the information requested can be produced electronically. Mitchell has an Oklahoma registered agent and Progressive Northern Insurance Company continues to use the valuation system licensed and provided by Mitchell in Oklahoma to conduct business. As a result, Mitchell regularly transacts business in Oklahoma. The subpoena at issue does not require the travel or attendance of any witnesses and Plaintiff is requesting the production of electronic documents. This Court finds that there is no violation of the 100-mile limitation for electronic documents pertaining to Rule 54.

## IV. Conclusion

Accordingly, Plaintiff's Motion to Compel Compliance with Subpoena Directed to Non-Party Mitchell International, Inc. (Dkt. No. 38) is GRANTED.

IT IS SO ORDERED this 13th day of June, 2018.

_____
ROBIN J. CAUTHRON
United States District Judge

4