IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

RACHEL CURTIS, Individually and on )
Behalf of Persons Similarly Situated, )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )     No. CIV-17-1076-C
                                      )
PROGRESSIVE NORTHERN                  )
INSURANCE COMPANY,                    )
                                      )
            Defendant.                )

MEMORANDUM OPINION AND ORDER

Plaintiff has recently been involved in two separate automobile collisions that resulted in both vehicles being declared a total loss. Defendant insured both vehicles. Plaintiff made a claim with Defendant under the appropriate insurance policy for each loss. According to Plaintiff, in both instances Defendant failed to properly value her vehicle and failed to make a proper offer of compensation, as required by the insurance policy. As a result, Plaintiff filed the present action raising claims for breach of contract, bad faith, unjust enrichment, and fraud. Plaintiff suggests that she intends to seek certification of a class of similarly situated individuals. During the course of discovery, Plaintiff served a subpoena duces tecum on non-party Mitchell International, Inc. Defendant has moved to quash that subpoena.

Before turning to the merits of Defendant's argument, the Court must address two procedural arguments raised by Plaintiff. First, Plaintiff argues that Defendant lacks

standing to object to the subpoena on relevance grounds because the subpoena was directed to a third party. This argument is well founded. As a general rule, a party has no standing to quash a subpoena issued to a third party. 9A Wright & A. Miller, Federal Practice and Procedure, § 2459 (2018). The exception to this general rule is where the objecting party claims some personal right or privilege. Id. Thus, to the extent Defendant objects to the subpoena on grounds other than its assertion of privilege, Defendant lacks standing to raise that objection.

Plaintiff also argues that Defendant has waived its right to object to the subpoena because it failed to timely object. Plaintiff's position is unsupported by the facts of the case. The subpoena was served on Mitchell on March 12, 2018. Plaintiff concedes that Defendant served written objections on March 22, the day before compliance with the subpoena was due. Thus, the objections were served before the earlier of 14 days or the date of compliance with the subpoena. This is all that Fed. R. Civ. P. 45(d)(2)(B) requires:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Plaintiff is arguing that Defendant was required to file its Motion to Quash within the time limits set out in the rule. However, that is not what the rule requires, and Plaintiff has offered no authority supporting her interpretation of the rule.

Turning to the merits of Defendant's Motion to Quash, the Court finds the Motion should be denied. As noted above, the sole basis for consideration of Defendant's Motion is whether or not quashing the subpoena is necessary to protect some personal right or privilege asserted by Defendant. Here, Defendant's efforts to meet its burden are repeating virtually the same paragraph in response to each item requested by the subpoena. A representative sample of that paragraph is set forth here:

> Subpoena Request No. 1 seeks documents that are of a confidential and proprietary nature. Progressive Northern makes a significant effort to ensure that its agreements with Mitchell are not publicly disclosed. Iannetta-Betz Decl. ¶ 5. Progressive Northern derives economic value from keeping these agreements confidential, as Progressive Northern's vendors and competitors could use the details of Progressive Northern's arrangements with Mitchell to improve their negotiating positions and otherwise damage Progressive Northern. *Id.* Finally, the agreements between Mitchell and Progressive Northern are subject to confidentiality provisions that prevent their disclosure. *Id.*

(Dkt. No. 41, p. 8). The gist of each argument is concern that disclosing the information to Plaintiff could somehow harm Defendant's ability to compete with other entities with which Defendant does business or that its disclosure could provide an advantage to Defendant's competitors. As Plaintiff notes, these arguments are unfounded as the protective order in place in this litigation provides adequate protection of Defendant's stated concerns. Accordingly, Defendant has failed to meet its burden of demonstrating entitlement to protection from the subpoena issued by Plaintiff to non-party Mitchell International, Inc.

For the reasons set forth herein, Defendant's Motion to Quash (Dkt. No. 41) is DENIED. Documents in response to the subpoena issued to non-party Mitchell International, Inc., shall be produced to Plaintiff within 14 days of the date of this Order.

IT IS SO ORDERED this 27th day of June, 2018.

ROBIN J. CAUTHRON
United States District Judge